United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENCESLAO BOJORQUEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTHA GUTIERREZ, et al.,<br><br>        Defendant.<br>                                                / | No. C 09-03684 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Defendants' motions to dismiss were scheduled for hearing on July 23, 2010. Pursuant to Civil Local Rule 7-1(b), the Court found these matters appropriate for resolution without oral argument and VACATED the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

### BACKGROUND

Plaintiff filed this case on August 12, 2009, naming numerous defendants and alleging fourteen causes of action related to the purchase of real property in May 2005. Shortly thereafter, various defendants filed motions to dismiss the complaint pursuant to Rule 12(b)(6). Before a hearing was held on the motions, plaintiff voluntarily filed a First Amended Complaint ("FAC") on December 16, 2009. Defendants moved to dismiss the FAC for failure to state a claim and on the ground that some of plaintiff's claims were time-barred. In the order stemming from defendants' motions to dismiss the FAC, the Court found that some of plaintiff's claims were indeed time-barred and that while plaintiff stated a colorable basis for equitable tolling, the Court needed clarification on when plaintiff discovered facts giving rise to his claims and how diligently he pursued the claims. *See* March 25, 2010 Order

(Docket No. 61).

In the matter now before the Court, defendants Martha Gutierrez ("Ms. Gutierrez"), Marin 1 Real Estate, Inc. ("Marin 1"), and Ocwen Loan Servicing, LLC ("Ocwen") bring separate motions to dismiss plaintiff's Second Amended Complaint ("SAC"). Ms. Gutierrez and Marin 1 move to dismiss plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Causes of Action on the ground they are all are time-barred. Additionally, these defendants argue that plaintiff, once becoming aware of the factual basis of his claims, did not pursue his claim diligently and is, therefore, not entitled to equitable tolling of the statutes of limitations. Defendant Ocwen argues that plaintiff's Eighth Cause of Action for violation of the Fair Housing Act, 42 U.S.C. § 301, *et seq.*, the only cause of action against Ocwen, is time-barred and that plaintiff is not eligible for equitable tolling of the statute of limitations. Ocwen also argues the claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

This case arises out of events leading up to plaintiff's purchase of a home in the spring of 2005, and the eventual foreclosure and resale of that home in March 2008. Plaintiff alleges that he can neither speak nor read English and is only marginally literate in Spanish, and alleges that all defendants are aware of this fact. SAC ¶¶ 18, 19. Plaintiff dealt primarily with defendant Ms. Gutierrez, an agent of defendant Marin 1 who often works with and allegedly targets Spanish-speaking clients. According to plaintiff, all verbal negotiations regarding the loan and home sale transactions were in Spanish but all of the documentation presented to him was in English. *Id.* ¶ 37, 40, 43. Plaintiff alleges that he therefore relied on Ms. Gutierrez to translate the terms of any documentation related to the transaction. *Id.* ¶¶ 25, 26, 28-40, 42, 43.

Plaintiff alleges that Ocwen, along with other defendants not presently before the Court, was part of a joint enterprise/conspiracy to sell subprime mortgage-loan products with only English documentation to people of Hispanic nationalities with limited or no ability to speak English. The purported goals of the enterprise were to maximize sales by concealing unfavorable terms in English; to give incentives to conspirators' loan brokers to sell the subprime products; and to insulate the conspirators from losing money by promptly assigning and securitizing the loans. *Id.* ¶ 22. Plaintiff alleges that Ms. Gutierrez never disclosed to him the existence of these other entities involved in the

2

1  loan transaction. *Id.* ¶ 38.

2  Plaintiff alleges that, on or about June 15, 2007, he received a statement from Ocwen demanding a mortgage payment of $2420 rather than the $1591 monthly payment he had been paying for the two previous years. SAC ¶ 71. Two months later, the demand rose to $2628/month. *Id.* Plaintiff states that he did not know the reason for the increase because Ms. Gutierrez had concealed from him the correct mortgage terms that provided for such an increase. *Id.* In July or August 2007, plaintiff purports to have realized that Ms. Gutierrez had lied to him and to have stopped making mortgage payments. *Id.* ¶ 72. Some time after October 15, 2007, plaintiff received a notice of default. *Id.* ¶ 73. He states that he cooperated with the foreclosure proceedings that took place between October 2007 and March 2008, despite suffering health problems. *Id.* ¶ 78(a).

Thereafter, plaintiff alleges that he contacted Legal Aid of Marin ("Legal Aid") in April 2008 to seek legal assistance, and worked with Legal Aid attorneys for the following ten months or so until he retained the attorney now representing him in this case in March or April 2009. *Id.* ¶ 78(b)-78(o). Although the original complaint was filed on August 25, 2009, plaintiff was not able to obtain copies of the original loan application and other documents until January 13, 2010, almost a month after he filed the FAC previously dismissed in part by the Court. *Id.* ¶ 78(p).

Now before the Court is Ms. Gutierrez and Marin 1's motion to dismiss the Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Causes of Action, and Ocwen's motion to dismiss the Eighth Cause of Action.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative

3

level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**I. Motion to Dismiss by Ocwen**

Plaintiff's Eighth Cause of Action against Ocwen alleges a violation of the Fair Housing Act ("FHA"). The FHA provides that "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605. Claims under the FHA are evaluated using a Title VII discrimination analysis, and may be brought under a theory of disparate treatment or disparate impact. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Plaintiff's claim for disparate treatment requires him to allege: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Id.*

Plaintiff alleges that Ocwen was part of a lending and servicing conspiracy that "conspired to discriminate against Mr. Bojorquez on the basis of his race and national origin in the terms, conditions, and privileges of the sale and financing of the Property." *Id.* ¶ 147. Essentially, plaintiff's theory is that Ocwen conspired with the other defendants to target Spanish-speaking borrowers of Hispanic

4

nationalities and fraudulently induce them to enter into unfavorable loans. *Id.* ¶¶ 147-151. In dismissing a prior version of this claim from the FAC, the Court held that plaintiff had failed to plead any facts tending to show that Ocwen played any role in the other defendants' use of English-language documentation, or that Ocwen's actions were motivated by a discriminatory animus. In the SAC, plaintiff clarifies that his theory under the FHA is that Ocwen and the other defendants conspired to target plaintiff and other similarly-situated borrowers by providing loan documentation and subsequent collection communications in English until such time as the borrower defaulted on the loan, at which time Ocwen finally began sending collection letters in Spanish. SAC ¶ 147. As explained in plaintiff's opposition brief, his theory is that, pursuant to the conspiracy, "Ocwen made representations to those non-English-speaker borrowers, including plaintiff, in English when they did not want the borrowers to fully understand their rights and in Spanish when it wanted those borrowers to fully understand" the fact of default and impending foreclosure. Oppo. at 6.

Ocwen argues that plaintiff's Eighth Cause of Action for violation of the FHA should be dismissed because it is insufficient to state a claim under the FHA and is time-barred. The Court disagrees with Ocwen on both grounds. First, in the Court's view, plaintiff's amended allegations are sufficient to state a claim. Plaintiff's allegations establish that he is within a class of persons intended to be protected by the FHA, and that defendant Ocwen, acting with its alleged coconspirators, targeted him and caused him injury.

Second, although plaintiff's allegations regarding the timing of defendant's actions are not always clear, it appears that plaintiff's claim is timely. The statute of limitations for an FHA claim brought by a private party is two years. *See* 42 U.S.C. § 3613(a)(1)(A). The statute begins to run upon "the occurrence or the termination of an alleged discriminatory housing practice." *Id.* Where, as here, an FHA plaintiff "challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the statutory period, running from] the last asserted occurrence of that practice." *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (footnote omitted)). Here, plaintiff's claim is based on an alleged conspiracy that began in 2005 at the time plaintiff began working with Ms. Gutierrez and continued at least until Ocwen began sending

5

Spanish-language default notices. Plaintiff alleges that he stopped making payments on the loan in July or August 2007 and received a notice of default in October 2007. SAC ¶¶ 72-73. Even assuming that the alleged conspiracy terminated when plaintiff received the initial notice of default, plaintiff would be required to file his action by October 2009. As plaintiff filed his original complaint on August 12, 2009, his FHA claim is not time-barred. Ocwen's motion to dismiss is therefore DENIED in its entirety.

## II. Motion to Dismiss by Ms. Gutierrez and Marin 1

### A. Second Cause of Action: RESPA

Plaintiff's Second Cause of Action alleges that defendants Ms. Gutierrez and Marin 1 violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, by failing to disclose the fact that plaintiff was paying substantial origination and other fees, by accepting a portion of the these fees as kickbacks, and by not disclosing to Mr. Bojorquez that they had both received commissions on the sale of the property. SAC ¶¶ 90, 92-94. The statute of limitations for this provision of RESPA is one year, and starts to run on the date the loan closes. *See* 12 U.S.C. §2614; *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 907 (C.D. Cal. 2009) (citing *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (5th Cir. 2003)).

Plaintiff alleges that the purchase transaction for the home closed on May 20, 2005. SAC ¶ 58. However, plaintiff did not file his complaint until August 12, 2009, more than four years later. Plaintiff's RESPA claim is therefore untimely and must be dismissed unless plaintiff can plead a basis for tolling the statute of limitations. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).[1] The doctrine of equitable tolling "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). After showing that his failure to discover the facts giving rise to his claim was

---

[1] *Socop-Gonzalez v. Immigration and Naturalization Service*, 272 F.3d 1176, 1194 (9th Cir. 2000) overruled *Santa Maria* on the related but different proposition that it is not necessary for the Court to inquire if a plaintiff could have reasonably filed a motion or complaint within the remaining time in a limitations period.

due to "excusable ignorance," a plaintiff must also show that he pursued his claim diligently. *Id.*

The Court has previously stated that plaintiff's lack of English proficiency and limited literacy skills, combined with defendants' alleged efforts to conceal the loan terms from him by providing oral Spanish translations that were inconsistent with the English-language loan documentation, present a colorable basis for equitable tolling. The Court held, however, that plaintiff did not plead sufficient facts to enable the Court to determine when he discovered the basis for his claims, much less that he was diligent in attempting to discover their basis.

In the SAC, plaintiff alleges that he became aware of the possible existence of his claims in July or August 2007, when he realized as a result of sudden changes in his monthly payment amounts that Ms. Gutierrez had misrepresented the terms of the loan. SAC ¶¶ 71-72. He then contends that after he began to suspect that the details of the contract were different from what he had previously believed them to be, he diligently pursued his claims by attempting to secure legal assistance from Legal Aid and ultimately retaining the attorney now representing him. Plaintiff appears to assert that the start of the applicable statutes of limitations should be tolled until January 2010, when, through his attorney, he received copies of the loan documents and learned "what had actually transpired with respect to the financing arranged by Ms. Gutierrez." *Id.* ¶ 78(p). Under California law, however, the accrual of a cause of action is not delayed until such time as the plaintiff becomes "aware, not only of his injuries, but also of defendants' specific wrongful conduct." *Soliman v. Philip Morris Co.*, 311 F.3d 966, 971 (9th Cir. 2002). Rather, a claim accrues when the plaintiff "at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof – when, simply put, he at least suspects that someone has done something wrong to him." *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal.1999) (quotation marks, citation, and alteration omitted).

Although the accrual of plaintiffs' claims may be delayed until July or August 2007, when he allegedly discovered his injuries, there is no basis for tolling the start of the statute until plaintiff received copies of the loan documents and uncovered all the details of the transactions at issue. Because the one-year statute on plaintiff's RESPA claim expired in July or August 2008, one year before plaintiff filed this action, his RESPA claim must be DISMISSED without leave to amend.

## B. Third Cause of Action: California Civil Code §1632

The Third Cause of Action alleges that defendants Ms. Gutierrez and Marin 1 violated the Spanish Language Contract Act, California Civil Code §1632, by failing to provide plaintiff with Spanish-language copies of the purchase contract, the first mortgage, the second mortgage, and the title policy. SAC ¶¶ 103-04. Defendants assert that the relevant statute of limitations for this claim is four years under California Civil Code § 1693. However, courts that have considered the issue have generally held that the relevant statute of limitations is California Civil Procedure Code §340(a), which requires filing within one year from the date of signing of a contract. *See Orozco v. Dhi Mortg. Co.*, No. 09-1894, 2010 WL 2757285, at *6 (S.D. Cal. Jul. 13, 2010); *Espinoza v. Recontrust Co., N.A.*, No. 09-1687, 2010 WL 1568551, at *10 (S.D. Cal. Apr. 19, 2010); *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1200 (E.D. Cal. 2009).[2] Plaintiff states that the purchase agreement was signed on or about April 3, 2005 but does not give the exact dates for the signing of the mortgages or the title policy. SAC ¶ 13. It does, however, appear from the SAC that these documents were completed around the same time in 2005. *Id.* ¶¶ 43-44. Even assuming that plaintiff is entitled to equitable tolling of the start of the statute of limitations until he discovered his injuries in July or August 2007, his claim under California Civil Code § 1632 is still untimely, and is therefore DISMISSED without leave to amend.

## C. Fourth, Sixth, Seventh, And Eleventh Causes of Action

Plaintiff's Fourth Cause of Action alleges that defendants engaged in constructive fraud by failing to disclose terms of loans, purchase agreements, fees, and other important facts. *Id.* ¶ 109-111. The Sixth Cause of Action, for fraud, alleges that defendants made false representations to plaintiff, thereby inducing him to execute the documents for the purchase of the property and mortgages. *Id.* ¶ 128-130. The Seventh Cause of Action, for deceit, alleges that defendants deceived plaintiff by

---

[2] The Court was able to locate one case, *Hernandez v. Sutter West Capital*, No. C 09-3658 CRB, 2010 WL 539133, at *3-4 (N.D. Cal. Feb. 8, 2010), in which the court found that § 340(a) was not applicable to a claim brought under California Civil Code § 1632. In that case, however, punitive damages were not being sought in connection with the claim, and the court reasoned that § 340(a), which applies to actions "upon a statute for a penalty or forfeiture," therefore did not apply. In the present case, plaintiff does seek punitive damages in connection with his claim. The Court will therefore follow the consensus among other courts and apply the limitations period set forth in § 340(a).

suppressing various facts related to the purchase of the property and the terms of the mortgage loans. *Id.* ¶ 138. Finally, the Eleventh Cause of Action alleges a breach of defendants' fiduciary duty to plaintiff to protect him from unnecessary loss and to place his interests over their own. *Id.* ¶ 174, 175. The statute of limitations for these causes of action is three years, and begins to run upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d).

Plaintiff contends that by July or August 2007, he had realized "Gutierrez had lied to him," at which time the three-year period started to run. SAC ¶ 72. He filed the original complaint on August 12, 2009, well within the three-year limit that would afford him until July or August 2010. Plaintiff's Fourth, Sixth, Seventh, and Eleventh Causes of Action are not time-barred, and defendants' motion to dismiss these causes of action on statute of limitations grounds is therefore DENIED.

### D. Fifth Cause of Action

Plaintiff's Fifth Cause of Action seeks equitable rescission of the sale of the property, the mortgage loans, and any and all fees and payments under those contracts on the basis of the alleged fraud and deceit discussed above. *Id.* ¶ 117-122. The statute of limitations for equitable rescission of a written contract under California law is four years and "[w]here the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 337(3). As discussed above, plaintiff did not discover he had allegedly been lied to until July or August 2007, marking the starting point of the four-year limitations period. Plaintiff filed this action on August 12, 2009, which is within the four-year limit. Plaintiff's claim is not time-barred and defendants' motion to dismiss this cause of action is DENIED.

### E. Ninth and Tenth Causes of Action

Plaintiff's Ninth Cause of Action, for negligence, alleges that Ms. Gutierrez and Marin 1, along with other defendants, had a duty to keep plaintiff properly informed of all terms of the purchasing and financing of the property and breached this duty by arranging and executing the loan documents in such a manner as to prevent plaintiff from knowing their terms. *Id.* ¶ 156, 157. The Tenth Cause of Action

alleges that defendants engaged in negligence per se by violating a number of state and federal statutes.

Under California law, claims for negligence and negligence per se have a statute of limitations of two years, which begins to run when a plaintiff suspects that he has been wronged. Cal. Civ. Proc. Code § 335.1; *Soliman*, 311 F.3d at 971-72 (applying California law). As stated above, plaintiff allegedly did not discover that he had suffered any damage until July or August of 2007 and filed his original complaint on August 12, 2009. Construing the facts in plaintiff's favor and assuming the August date, it appears that plaintiff filed the original complaint within the two-year limit and his Ninth and Tenth Causes of Action are therefore not time-barred. Defendants' motion to dismiss these causes of action is therefore DENIED.

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS in part and DENIES in part the motion to dismiss filed by defendants Ms. Gutierrez and Marin 1, and DENIES the motion to dismiss filed by defendant Ocwen. (Docket Nos. 68, 76).

**IT IS SO ORDERED.**

Dated: July 26, 2010

SUSAN ILLSTON
United States District Judge