IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WENCESLAO BOJORQUEZ,

    Plaintiff,

v.

MARTHA GUTIERREZ, *et al.*

    Defendant.

No. C 09-03684 SI

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT**

Currently before the Court is a motion to set aside default judgement against defendant DocMagic, Inc. ("DocMagic"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for August 3, 2012. Having considered the parties' papers, and for good cause shown, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Wenceslao Bojorquez filed a complaint on August 12, 2009 that included fourteen separate causes of action relating to the mortgage lending practices of named defendants; defendant DocMagic was not named in this original complaint. On December 16, 2009, plaintiff filed a First Amended Complaint ("FAC") that named DocMagic as a defendant. The parties dispute whether plaintiff adequately served DocMagic with the FAC as required by Fed. R. Civ. P. 4. Plaintiff filed a

Certificate of Service with the court on February 21, 2010 stating that DocMagic was served. Dkt. No. 49. Plaintiff thereafter filed a Second Amended Complaint ("SAC") on April 9, 2010, alleging twelve causes on action, again naming DocMagic as a defendant. The parties do not dispute that plaintiff never served DocMagic with the SAC. Instead of filing a new Certificate of Service with the SAC, plaintiff re-filed the Certificate Of Service from the FAC. Dkt. No. 69. Default was entered against DocMagic on May 28, 2010. *See* Entry of Default, Dkt. No. 80.

On February 5, 2011, plaintiff moved the Court to enter default judgment against DocMagic. In the moving papers, plaintiff erroneously stated that "DocMagic, Inc. was served with Summons and the Second Amended Complaint . . . as stated in the proof of service filed at Docket No. 69." Notice and Appl. For Default Judg. By Ct., Dkt. No. 127 at 3. Plaintiff further requested that "[t]his application for default judgement against [defendants] should be based upon the complaint they were served with . . . the Second Amended Complaint in the case of DocMagic, Inc." *Id.* The Court signed plaintiff's proposed order that accompanied this motion on March 11, 2011. Dkt. No. 131. Defendant alleges that its first notice of judgment came on June 4, 2012, when it received a letter from plaintiff demanding payment.

Defendant now moves the Court to set aside the default judgment entered on March 11, 2011 pursuant to Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b)(4).

**LEGAL STANDARD**

"The court may set aside . . . a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) gives broad authority for courts to relieve a party from final judgement. *See* Fed. R. Civ. P. 60 (allowing relief, among other reasons, when "the judgment is void" or for "any other reason that justifies relief."). "[M]odern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966); *see Patapoff v. Vollstedt's Inc.*, 267 F.2d 863, 865 (9th Cir. 1959) (stating that Rule 60(b) "must be given a liberal construction" and that "[s]ince the interests of justice are best served by

a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments."). Specifically, "it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987); *see Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) ("If the service of process in this case was insufficient, we must reverse the district court's grant of default judgment.").

## DISCUSSION

The parties dispute whether plaintiff properly served defendant with the FAC. The parties do not dispute, however, that defendant was never adequately served with the SAC. *See* Pl.'s Opp., Dkt. No. 135 at 10 ("undersigned counsel incorrectly stated in his declaration supporting default judgment that DocMagic was served with the Second Amended Complaint. In fact, as stated in the disputed Proof of Service, DocMagic was served with the First Amended Complaint."). Plaintiff's moving papers supporting the Court's entry of default judgment erroneously stated that "DocMagic, Inc. was served with Summons and the Second Amended Complaint . . . as stated in the proof of service filed at Docket No. 69." Notice And Appl. For Default J. By Ct., Dkt. No. 127 at 3. However, Docket No. 69 is simply a re-filing of the Certificate of Service of the *First* Amended Complaint. Despite this, plaintiff stated that "[t]his application for default judgement against [defendants] should be based upon the complaint they were served with – . . . the Second Amended Complaint in the case of DocMagic, Inc." *Id*. The Court signed the judgment order based, in part, on plaintiff's erroneous representations.

The Court finds that the requirements for effective service have not been satisfied. *See Combs*, 825 F.2d at 442. Under these circumstances, the Court agrees with defendants that setting aside the default judgment is warranted. The Court therefore GRANTS defendant's motion to set aside the default judgment.[1]

---

[1] Following briefing on the instant motion, plaintiff filed a "Motion to Amend the Default Judgment Under Rule 60(a)." Plaintiff moves the Court in the alternative to amend the default judgment, basing it only on the FAC and eliminate any reliance on the SAC. The Court finds such amendment to be inappropriate. That motion is rendered moot by this Order.

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to set aside the default judgement against it ordered on March 11, 2011. **DocMagic's responsive pleading is due on or before August 24, 2012. A further Case Management Conference is set for September 29, 2012 at 2:30 p.m.**

**IT IS SO ORDERED.**

Dated: August 2, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE